IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:08-CV-180-FL

| | |
|---|---|
| WENDY O. WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MOEN INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

This employment-related action comes before the court on the motion (D.E. 3) by defendant Moen Incorporated ("Moen") to dismiss the complaint of plaintiff Wendy Wells ("Wells"). The motion was referred to the undersigned Magistrate Judge for review and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it will be recommended that the motion be granted.

## BACKGROUND

Wells commenced this action in Craven County Superior Court on 18 September 2008. *(See* Compl. (D.E. 1-2) at pp. 4-9). Moen removed it to this court on 23 October 2008. (Removal Notice (D.E. 1-2) at 1).

In her complaint, Wells alleges the following: She is a white female and was employed by Moen from 1991 until 7 March 2008, when she was terminated. (Compl. ¶ 8). Wells' job performance prior to termination was excellent, and she never received any complaints or issues regarding her performance or had a single disciplinary action in her personnel file. (*Id.*). Despite her exemplary performance and longevity with Moen, she was terminated without being given an opportunity to be heard, cross-examine witnesses, or refute the allegations made against her. (*Id.*

¶ 9). She was not shown or given any statements concerning the reasons for her termination to which to respond. (*Id.* ¶ 9). Moen's actions were arbitrary, capricious, and without just cause or excuse. (*Id.* ¶ 10). As a result, Wells suffered monetary losses, including her retirement, pension, and other fringe benefits incidental to her employment. (*Id.* ¶ 12).

In her complaint, Wells purports to assert four claims: (1) "wrongful discharge of employment" (¶¶ 1-3 & A-E)[1]; (2) wrongful discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq.* ("Title VII") (¶¶ 7-12); (3) breach of implied covenant of good faith (¶¶ 13-14); and (4) outrage (¶¶ 15-21). She seeks compensatory and punitive damages, as well as attorneys' fees and costs. (*Id.* (Prayer for Relief) ¶¶ 2-3, 5).

Moen filed its motion to dismiss the complaint, together with its supporting memorandum (D.E. 4), on 30 October 2008. Wells subsequently filed, as a single document, a response memorandum and a motion for leave to amend her complaint. (D.E. 7). Moen filed a reply memorandum. (D.E. 8). Thereafter, Chief Judge Flanagan held a telephonic conference with counsel and entered an order thereon (D.E. 10, 11) providing that if Wells wished to amend her complaint, she was to submit a proposed amended complaint and supplemental memorandum by 28 January 2009. The 28 January 2009 deadline passed without any submissions from Wells and, accordingly, Chief Judge Flanagan denied Wells' motion to for leave to amend the complaint and referred the pending motion to dismiss to the undersigned (D.E. 12).

---

[1] The first three paragraphs of the complaint are numbered 1 to 3, the next five are lettered A to E, and the remaining are numbered 7 to 21. There are no paragraphs numbered 4 to 6. In addition, the first two claims are labeled as "First Cause of Action." (Compl. at 1, 3).

# DISCUSSION

## I. RULE 12(b)(6) STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Ordinarily, the complaint need contain simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir.) (court must accept as true all factual allegations of the complaint), *cert. denied*, 546 U.S.

3

1015 (2005). All reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Edwards*, 178 F.3d at 244. However, bare assertions of legal conclusions or formulaic recitations of the elements of a claim are not entitled to be assumed true. *Iqbal*, 129 S. Ct. at 1951.

## II. MOEN'S MOTION TO DISMISS

In its motion, Moen asserts that all of Wells' claims fail to state a claim upon which relief may be granted. The court will address each cause of action in turn.

### A. "Wrongful Discharge of Employment"

As indicated, Wells' first claim is entitled "Wrongful Discharge of Employment." The claim does not appear to set out the elements of any cause of action or even attempt to do so. Rather, this portion of the complaint consists of a basic identification of the parties, the purported basis for the court's jurisdiction, and the identification of several provisions of law under which Wells is purportedly asserting claims.

In this claim and elsewhere, plaintiff contends that Moen violated her rights under the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution. (Compl. ¶¶ C, 9, 10, 18). She also alleges violation of the North Carolina counterpart to the Fourteenth Amendment's due process clause, the law of the land clause in section 19 of article I of the North Carolina Constitution. (*Id.* ¶ D). No claim exists under any of these provisions, among other reasons, because they protect only against governmental action and not the actions of a private employer, and there are no allegations in the complaint that Moen is anything but a private employer. *See, e.g., San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987) (Fourteenth and Fifth Amendments); *Blum v. Yaretksy*, 457 U.S. 991, 1002-03 (1982)

(Fourteenth Amendment); *Freeman v. Duke Power Co.*, Nos. 03-2146, 03-2147, 2004 WL 2151269, at *7 (4th Cir. 27 Sept. 2004) (N.C. Const. art. I § 19), *cert. denied*, 544 U.S. 968 (2005).

Similarly, Wells' invocation of 42 U.S.C. § 1983 in her first claim (Compl. ¶¶ A, B) is feckless because this statute requires a deprivation under color of state law, not one resulting from merely private conduct. *See, e.g., Am. Mfrs. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir.), *cert. denied*, 540 U.S. 822 (2003). Wells also states in her first claim that she relies on 28 U.S.C. § 1343 (Compl. ¶ E), but that is a statute conferring jurisdiction on federal district courts over certain types of civil rights claims and is not relevant to this case. As part of her first claim, Wells also states that this is an action for declaratory and injunctive relief. (Compl. ¶ C). However, she does not describe any such relief that she seeks or actually demand any such relief anywhere in the complaint. For all these reasons, Wells' first claim is subject to dismissal on its face.

In her memorandum opposing the motion, Wells argues that her first claim states a cause of action for wrongful discharge because of her gender and race. (Pl.'s Mem. at 4-6). She argues specifically that she was discharged from her employment with Moen in violation of the policy stated in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2 ("NCEPA") to "protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race . . . [or] sex." NCEPA. Review of the law relating to the cause of action for wrongful discharge in violation of NCEPA shows that Wells has not adequately pled it.

In general, an at-will employee cannot assert a claim for wrongful discharge under North Carolina law. *Gillis v. Montgomery Sheriff's Dep't*, __ N.C. App. __, 663 S.E.2d 447, 449 ("The

discharge of an employee at will generally does not support an action for wrongful discharge in this state."), *app. dismissed, rev. denied*, 362 N.C. 508 (2008); *Whiting v. Wolfson Casing Corp.*, 173 N.C. App. 218, 221, 618 S.E.2d 750, 752 (2005) ("In North Carolina, the employer-employee relationship is governed by the at-will employment doctrine, which states that in the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party." (internal quotation marks omitted)). There are exceptions to this rule, however, including where a termination violates public policy. *See Gillis*, 663 S.E.2d at 450; *accord Smith v. SmithKline Beecham Corp.*, No. 1:08CV511, 2009 WL 1851180, at *3 (M.D.N.C. 26 June 2009) ("The North Carolina courts have also held that a plaintiff may bring a claim for wrongful discharge in violation of public policy in cases involving activity that North Carolina law identifies for either express protection or express prohibition as a matter of important public policy to the State of North Carolina."). The public policy exception is applicable if the discharge violates a state statute. *Imes v. City of Asheville*, 163 N.C. App. 668, 670, 594 S.E.2d 397, 398-99, *aff'd*, 359 N.C. 182 (2004); *accord Smith*, 2009 WL 1851180, at *3 ("[T]he North Carolina courts routinely reject wrongful discharge claims if there is no clear statutory provision declaring the express intent of State public policy to protect an employee's activity."). Such statutes have been held to include the NCEPA. *See, e.g., Jarman v. Deason*, 173 N.C. App. 297, 299, 618 S.E.2d 776, 778 (2005).

In order to prevail on a claim of discriminatory discharge in violation of this statute, a plaintiff must establish the following elements: "'(1) she is a member of a protected class; (2) she was qualified for her job and her job performance was satisfactory; (3) she was fired; and (4) other

employees who are not members of the protected class were retained under apparently similar circumstances.'" *Pettiford v. N.C. Dep't of Health and Human Services*, 228 F. Supp.2d 677, 697 (M.D.N.C. 2002) (quoting *Hughes v. Bedsole*, 48 F.3d 1376, 1383 (4th Cir.1995) and citing *N.C. Dep't of Corr. v. Gibson*, 308 N.C. 131, 141, 301 S.E.2d 78, 85 (1983); *Brewer v. Cabarrus Plastics, Inc.*, 130 N.C. App. 681, 686, 504 S.E.2d 580, 584 (1998)).

Wells' first claim fails adequately to state a wrongful discharge claim under the NCEPA because this portion of her complaint nowhere sets out *any* elements of the claim, not even that she was discharged. Nor does the claim mention the NCEPA, a fatal flaw in itself under North Carolina law. *See Imes*, 163 N.C. App. at 671-72, 594 S.E.2d at 399 (plaintiff's failure to identify the violation of a particular North Carolina statute fatal to claim); *Consodine v. Compass Group USA, Inc.*, 145 N.C. App. 314, 321, 551 S.E.2d 179, 184 (complaint must allege a violation of an "explicit statutory or constitutional provision" to withstand dismissal), *aff'd*, 354 N.C. 568 (2001). The statements in her memorandum that she is asserting a cause of action under this statute as her first claim are no substitute for proper allegations in the complaint, especially when she was given the opportunity to amend her complaint after Moen filed its motion. *See Smith v. Ray*, No. 2:08cv281, 2009 WL 936298, at *2 (E.D. Va. 7 April 2009) (court refused to allow plaintiff to amend where she had already had several opportunities to properly plead her claims and also noted inappropriateness of asserting new theories of recovery in memoranda of law when such claims did not appear in complaint). Although Wells does allege in her second claim that she was discharged for discriminatory reasons (Compl. ¶ 8), it is not the court's job to rewrite the complaint in an effort to cobble together a cause of action that is not coherently stated. *See Spath v. Hayes Wheels Int'l-Ind. Inc.*, 211 F.3d 392, 397 (7th Cir. 2000) ("[I]t is not this court's responsibility to research and

7

construct the parties' arguments."); *Smith*, 2009 WL 936298, at *2 ("This court, however, refuses to further tolerate plaintiff's 'sloppy' pleading or to expend further resources untangling the procedural Gordian knot into which this case has devolved, and will obviously continue to evolve through the filing of yet another amended complaint.").

Even treating the allegations of discrimination outside the first claim as part of it, the first claim still fails. Her core allegations of discrimination are that she was discriminated against as a white female although she was a longtime employee with an excellent performance record. (Compl. ¶ 8).[2] These allegations would arguably meet the first three elements of a cause of action under the NCEPA, namely, that Wells is a member of at least one protected class (*i.e.*, women), she was qualified for her job and her job performance was satisfactory, and she was fired. However, there are no allegations satisfying the fourth element. She has not alleged that other employees who are not members of the protected class were retained under apparently similar circumstances. Nor has Wells alleged any other facts giving rise to an inference of unlawful discrimination. Wells' bare conclusory recitation that she was terminated because of her gender and race is not entitled to be

---

[2] Paragraph 8 of the complaint reads in full as follows:

Plaintiff verily believes and so alleges that she was discriminated against as a white female employee and unjustly dismissed from employment in the following particulars:

  i.  On March 7, 2008, she was discharged from the position of Network Analyst I with Moen, Inc. She had been employed with Moen, Inc. since 1991. Her job performance was excellent and never had any complaints or issues with her performance. She did not have any disciplinary actions in her personnel file. Her immediate supervisor was James Delpine. There are approximately nine (9) employees in my group. Moen, Inc. employs more than fifteen (15) persons.

(Compl. ¶ 8).

deemed true.[3] *Iqbal*, 129 S. Ct. at 1949 ("Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557)).

For the numerous reasons stated, Wells' first claim fails to state a cause of action. It should accordingly be dismissed.

**B.     Title VII Claim**

Wells' second claim—for violation of Title VII—also fails for multiple reasons.

First, Wells has not pled satisfaction of the procedural prerequisites to filing a lawsuit under Title VII. "Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." *See Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 142 (4th Cir. 2002). Failure to either allege such facts or attach an EEOC right-to-sue letter to a complaint subjects it to dismissal. *See Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995) ("where '[n]either the complaint nor the amended complaint alleges' that the plaintiff has 'complied with these prerequisites,' the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'") (quoting *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979)); *Simmons-Blount v. Guilford County Bd. of Educ.*, No. 1:06-CV-944, 2009 WL 962266, at *3 (M.D.N.C. 7 April 2009) (plaintiff's failure to allege exhaustion of administrative remedies was not fatal where she attached the right-to-sue letter to her complaint). Wells has done neither here.

---

[3] For the same reasons, to the extent that Wells intended that her claim arise under 42 U.S.C. § 1981, it also must fail for the lack of allegations supporting all elements of such a claim. *See White v. BFI Waste Servs.*, 375 F.3d 288, 295 (4th Cir. 2004) (to establish claim under § 1981, plaintiff must show that she was a member of protected class, suffered an adverse employment action, was performing satisfactorily at the time, and similarly situated employees outside the protected class were treated more favorably); *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004) (same).

9

In addition, as with her claim of wrongful discharge under state law, Wells' Title VII claim fails as a result of the complete lack of factual allegations to support a claim of discrimination. A Title VII plaintiff must show that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was performing satisfactorily at the time of the adverse employment action; and (4) similarly situated employees outside the protected class received more favorable treatment. *See White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). As previously discussed, Wells has not asserted a single factual allegation which shows or would support an inference that her termination was discriminatory. It is therefore recommended that Wells' Title VII claim be dismissed.

### C. Claim for Breach of Implied Covenant of Good Faith

As her third claim, which is set out in two one-sentence paragraphs (Compl. ¶¶ 13-14), Wells alleges that she had an implied covenant of good faith that she would not be terminated from employment without an opportunity to be heard and accorded rights of due process. The claim fails because North Carolina law does not recognize a separate claim for wrongful discharge in bad faith. *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 360, 416 S.E.2d 166, 173 (1992).

In her memorandum opposing the motion, plaintiff argues that an employee handbook gave her the right to a hearing before discharge. (Pl.'s Mem. at 6-7). Although a later paragraph of the complaint (¶ 17) alleges the existence of a handbook, this paragraph is not incorporated into this claim.

In any event, even the paragraph referencing the handbook fails to allege how the handbook became a part of Wells' employment contract. It alleges simply that "the defendant had in existence, at the time of her employment, an <u>Employee Handbook</u> which negated the so called employee at will

10

authority of an employer to discharge from employment any employee, particularly the plaintiff, without Due Process and the employee being given the opportunity to be heard prior to being discharged from employment." (Compl. ¶ 17). Absent allegations showing that a handbook provision became a part of the employment contract, a claim for breach of the provision fails. *See Johnson v. Mayo Yarns, Inc.*, 126 N.C. App. 292, 292, 484 S.E.2d 840, 843 (upholding dismissal of complaint where plaintiff failed to allege how defendant's employee handbook was made part of his employment contract with defendant), *rev. denied*, 346 N.C. 547, 488 S.E.2d 804 (1997). For this and the other reasons discussed, Wells' third claim should be dismissed.

### D. Outrage/Intentional Infliction of Emotional Distress

The tort of outrage has not been recognized in North Carolina. *von Hagel v. Blue Cross and Blue Shield of North Carolina*, 91 N.C. App. 58, 64, 370 S.E.2d 695, 700 (1988); *Beasley v. Nat'l Sav. Life Ins. Co.*, 75 N.C. App. 104, 109, 330 S.E.2d 207, 210 (1985). Therefore, to the extent that Wells attempts to assert such a cause of action as her fourth claim, it fails. *von Hagel*, 91 N.C. App. at 64, 370 S.E.2d at 700 (upholding dismissal of outrage claim as not recognized under North Carolina law).

In her memorandum, Wells contends that her fourth claim should be viewed as a claim for intentional infliction of emotional distress. (Pl.'s Mem. at 7-8). North Carolina courts have accorded such treatment to pleadings like Wells' and the court will do so here. *Beasley*, 75 N.C. App. at 109, 330 S.E.2d at 210.

The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct (2) that is intended to cause and (3) does cause severe emotional distress. *Mullis v. Mechs. & Farmers Bank*, 994 F. Supp. 680, 688 (M.D.N.C. 1997); *Dickens v. Puryear*, 302 N.C. 437, 452,

11

276 S.E.2d 325, 335 (1981). Review of Wells' fourth claim shows that none of these elements are satisfied.

With regard to the first element, North Carolina law defines extreme and outrageous conduct as conduct that exceeds all bounds usually tolerated by decent society. *Mullis,* 994 F. Supp. at 688 (*citing* Prosser, *Handbook of the Law of Torts* § 12 at 56 (4th ed.1971)). Wells has only conclusorily stated that Moen's conduct was "willful, malicious and oppressive" (Compl. ¶ 16) without alleging any facts showing that the conduct was extreme and outrageous. The conduct for which she does make factual allegations—discharge despite a good record and without a hearing—does not come close to qualifying as extreme and outrageous under North Carolina law. *See e.g., Efird v. Riley,* 342 F. Supp.2d 413, 427 (M.D.N.C. 2004) (allowing motion to dismiss intentional infliction of emotion distress claim in case where court held that plaintiff had stated claim for Title VII, noting, "North Carolina courts have been extremely reluctant to find actionable [intentional infliction of emotional distress] claims in the employment context, and termination, allegedly in violation of federal law alone, does not necessarily constitute extreme and outrageous conduct under North Carolina law.") (citing *Jackson v. Blue Dolphin Communications of North Carolina, L.L.C.,* 226 F. Supp.2d 785, 794 (W.D.N.C.2002)); *Pardasani v. Rack Room Shoes Inc.,* 912 F.Supp. 187, 192 (M.D.N.C. 1996) ("Plaintiff has alleged that he was given poor performance evaluations, not given promotions which were given to others, excluded from training and finally terminated from his employment. Assuming these allegation[s] to be true, these actions do not rise to the level sufficient to exceed all bounds usually tolerated by decent society."). Wells has therefore failed adequately to plead the first element. Necessarily, Wells has therefore also failed adequately to plead the second element.

As to the third element, it is satisfied by an allegation of "any . . . type of severe or disabling emotional or mental condition which can be generally recognized and diagnosed by professionals trained to do so." *Pardasani v. Rack Room Shoes, Inc.*, 912 F. Supp. 187, 192 (M.D.N.C. 1996). While Wells alleges "great mental and emotional distress" (Compl. ¶ 16), such conclusory and generic language merely recites this element of the claim and does not provide any specific factual support for the distress she has allegedly suffered. Accordingly, this element also has not been properly pled.

The court concludes that Wells has failed to plead sufficiently any of the elements of her fourth claim, when treated as a claim for intentional infliction of emotional distress. It is accordingly recommended that this claim be dismissed.

### E. Preclusive Effect of Dismissal

The court has the discretion to grant a motion to dismiss under Rule 12(b)(6) with or without prejudice. *St. Clair v. Banker Steel Co.*, No. 6:06CV42, 2007 WL 45785, at * 3 (W.D. Va. 5 Jan. 2007) (court dismissed plaintiff's complaint without prejudice and granted plaintiff leave to file an amended complaint correcting deficiencies). Ordinarily, where a defect in the complaint is curable, the court should grant the dismissal without prejudice. *Cloaninger v. McDevitt*, No. 1:06CV135, 2006 WL 2570586, at *11 (W.D.N.C. 3 Sept. 2006) (court granted motion to dismiss without prejudice and granted plaintiff leave to amend to accurately assert the dismissed claims); *Threat v. Potter*, No. 3:05CV116, 2006 WL 1582393, at *1 (W.D.N.C. 2 June 2006) ("However, in its discretion, the Court finds that allowing the Plaintiff to amend her Complaint to correct these deficiencies is a wiser course than to order a dismissal at this early stage of the action."). Where, however, a plaintiff has been provided the opportunity to amend and fails to do so, dismissal with

prejudice may be appropriate. *See Morris v. Rinker*, No. 3:04CV252, 2005 WL 1027485, at *9 (M.D. Fla. 14 April 2005) (court dismissed pro se plaintiff's claims with prejudice where plaintiff was given opportunity to plead his best case and claims remained legally deficient).

Here, the court provided Wells the opportunity to amend her complaint and to do so after having the benefit of Moen's dismissal motion and supporting memoranda detailing numerous deficiencies in it. Wells made no amendments, indicating to the court that the defects are not curable. The dismissal of Wells' complaint should accordingly be with prejudice.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that defendant's motion to dismiss (D.E. 3) be GRANTED and this action be DISMISSED WITH PREJUDICE.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten business days, or such other period as the court specifies, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this 24th day of July, 2009.

James E. Gates
United States Magistrate Judge

14